RAMÓN ANTONMATTEI Y PIETRI, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 807. Argued April 23, 1930.—Decided April 30, 1930.

*L. López de Victoria,* for appellant. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

On presentation of a certificate issued by the mayor and the secretary-auditor of a municipality, as to the ownership by the municipality of two town lots, a registrar refused to record the document.

The first of several reasons assigned for this refusal was that the mayor and the secretary were not authorized by the Municipal Law to exercise any power or control over property belonging to the municipality, and could not request that any such property be recorded in the name of the municipality unless previously authorized by an ordinance passed by the municipal assembly.

Section 36 of the Regulations for the enforcement of the Mortgage Law provides that:

"In order to secure a record of possession, the head of the office having charge of the administration or custody of the estate to be recorded, provided that by virtue of his office he exercise public authority or has the power to certify, shall issue a certificate in duplicate, in which, with reference to the inventories or official documents in his possession, he shall state:

"First. The nature, situation, superficial area, boundaries, denomination, and real charges on the estates or rights which it is sought to record.

"Second. The legal character, value, conditions and encumbrances on the property right involved, and the character, location, boundaries and name of the estate subject to such property right.

"Third. The name of the person or corporation from which the real property or property right may have been acquired, if it appears.

"Fourth. The time the State, province, town or establishment has had possession, if it can be fixed exactly or approximately.

864

"Fifth. The public service or object to which the estate may be destined.

"If any of these details can not be stated, the certificate shall set forth this fact and indicate the same.

"These certificates shall be drawn on official paper, and the rough draft thereof, duly rubricated, shall be made a part of the record of the case."

Section 29 of the Municipal Law says that:

"  .    .    .    .    .    .    .    .    .    .    .

"The mayor shall be the chief executive and representative of the municipality and in such character be (*sic*) may appear and maintain all kinds of actions and proceedings before any official or court of justice, or other public official."

Section 36, *supra*, clearly contemplates a certificate in narrative form. The secretary of the municipality is authorized to issue certified copies of any document in the general file of the municipality or of any entry in the journal of the assembly, or of any ordinance adopted by that assembly, and such certificate is admissible as evidence in any civil proceeding. (See section 37 of the Municipal Law and subdivisions 5 and 6 of section 69 of the Law of Evidence.)

The registrar does not object to the certificate now under consideration on the ground of its narrative form. Hence we need not consider the question of its sufficiency from that standpoint.

The certificate recites that by an ordinance adopted on February 8, 1930, and approved by the mayor February 12, the Municipal Assembly of Yauco granted in perpetuity to Ramón Antonmattei y Pietri the use and enjoyment of the two lots in question. By the terms and conditions of this ordinance the grantee and his successors in interest were to pay annually to the municipality a specified amount as ground rent. In such circumstances a mayor, as "the chief executive of the municipality", may request that the lands so disposed of by the municipal assembly be recorded in the name of the municipality.

Even in the absence of any action by the municipal assembly, sections 29 and 37 of the Municipal Law, construed in connection with section 36 of the Regulations and supplemented by section 69 of the Law of Evidence, seem quite broad enough to enable the mayor and the secretary, when acting together as in the instant case, to apply for and obtain the record of possession.

Another objection was that the certificate did not comply with the requirements of section 36 of the Regulations nor with the rules established by certain decisions of the General Directorate, by a circular emanating from the Directorate of Property and by certain decisions of the Spanish Contentious Administrative Tribunal.

The certificate recites that the municipality has possessed the two lots from time immemorial, and that it is impossible to name the person or corporation from whom they were acquired. The registrar points to this recital as a failure to comply with the requirements of subdivision 4 of section 36, *supra*. In this connection, he calls attention to a statement in the certificate that the matters therein set forth appear from documents on file in the archives of the municipality. He deems it strange that the archives should not disclose the name of the person or corporation from whom the property in question was acquired.

Subdivision 3, *supra*, requires that the name of the person or corporation from whom the property or property right was acquired be given only "if it appears". Subdivision 4 requires that the period of possession be specified only "if it can be fixed exactly or approximately". A subsequent paragraph of section 36, already quoted, provides that "if any one of these details can not be stated, the certificate shall set forth this fact and indicate the same.". Comment upon such provisions would be superfluous.

As a third ground the registrar specifies what he terms a reasonable doubt as to whether the two lots in question may not be a part of another parcel of land of uncertain area,

recorded in the name of the municipality, from which 174 segregations have been made.

Both lots front on Dr. Gatell Street. In the rear both abut on Mejía Street. The description of the land already recorded in the name of the municipality includes a list of the streets and cross-streets by which it is traversed. Neither Dr. Gatell Street nor Mejía Street appears among those enumerated. We find nothing in the description of the two lots, as compared with that of the land already recorded in the name of the municipality, to indicate that either of those lots forms any part of such land. The registrar in his brief does not establish any basis for a reasonable doubt in this regard. He does not even discuss the question of such reasonable doubt.

The fourth and last ground of refusal was that the interested party, although notified of the various defects in question, had made no effort to dissipate the doubt last above mentioned or to show by documentary evidence that the two lots in question do not in fact form a part of the parcel already recorded in the name of the municipality. The only authority cited in support of this contention is *Díaz* v. *Registrar*, 16 P.R.R. 261. A perusal of the opinion in that case will suffice to distinguish it from the case at bar.

The ruling appealed from must be reversed.